IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTINA MARIE DESIDERATO,
       Plaintiff,

  -vs-

NANCY A. BERRYHILL,[1]
COMMISSIONER OF SOCIAL SECURITY,
       Defendant.

Civil Action No. 16-343

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 6 and 8). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 7 and 9). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 6) and granting Defendant's Motion for Summary Judgment. (ECF No. 8).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). Plaintiff filed her application alleging she had been disabled since March 19, 2008. (ECF No. 4-6, p. 2). Administrative Law Judge ("ALJ"), Leslie Perry-Dowdell, held a hearing on June 24, 2014. (ECF No. 4-2, pp. 29-55). On September 24, 2014, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 4-2, pp. 17-25).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 6 and 8). The issues are now ripe for review.

---

1 Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

2

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

## B.     Residual Functional Capacity[2] ("RFC") [3]

Plaintiff's only argument is that the ALJ erred by "failing to discuss adequately the assessment of the one-time consulting physician, Dr. Firoz, with respect to the critical issue of the Plaintiff's ability to work on an 8 hour/day basis as required by Social Security Ruling 96-8p." (ECF No. 7, p. 18). Specifically, Plaintiff argues that Dr. Firoz assessed Plaintiff with the ability to sit for a total of less than 6 hours in an 8 hour work day and stand and work for a total of 1 hour or less in an 8 hour work day. *Id.*, p. 18. If credited, Plaintiff argues, then Plaintiff would be

---

[2] RFC refers to the most a claimant can still do in an 8 hour work day despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a); SSR 96-8p. The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

[3] The ALJ found Plaintiff has the RFC to perform sedentary work with exceptions.   (ECF No. 4-2, p. 20).

3

disabled. Therefore, Plaintiff submits that reversal is warranted. After a careful review of the evidence, I disagree.

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 404.1527(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject

evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, the ALJ gave Dr. Firoz's opinion "some weight." (ECF No. 4-2, p. 23). The ALJ, however, specifically set forth that she did not credit Dr. Firoz's checked box opinion regarding Plaintiff's ability to stand and/or walk and sit during an 8 hour day because "the record indicated that the claimant requires the ability to sit or stand at her option." *Id*; compare ECF No. 4-8, p. 37-41 *with* p. 43. "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006). In this case, the ALJ did just that. She specifically set forth what parts of the opinion she gave weight and what parts she did not give weight and why. Based on the same I am able to conduct a proper and meaningful review. I find the reasons given by the ALJ in weighing Dr. Firoz's opinion were sufficiently explained and supported by substantial evidence of record. (ECF No. 4-2, pp. 20-23; No. 4-8, pp. 37-41, 43). Therefore, I find the ALJ did not err in this regard. Consequently, reversal is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTINA MARIE DESIDERATO,           )
                                       )
            Plaintiff,                 )
                                       )
    -vs-                               )    Civil Action No.   16-343
                                       )
NANCY A. BERRYHILL,[4]                 )
COMMISSIONER OF SOCIAL SECURITY,       )
                                       )
            Defendant.                 )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 15th day of February, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 6) is denied and Defendant's Motion for Summary Judgment (Docket No. 8) is granted.

                    BY THE COURT:

                    s/   Donetta W. Ambrose
                    Donetta W. Ambrose
                    United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.